IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

v.

XIAOQING ZHENG

Defendant.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Criminal Action No. 19-CR-00156 (MAD)

(Hon. Mae A. D'Agostino)

STIPULATION AND ORDER
FOR ENLARGEMENT OF TIME

## STIPULATION

Kevin Luibrand, the attorney for defendant Xiaoqing Zheng in the above-captioned action, having moved for a continuance of ninety (90) days within which the defense may review discovery, conduct its own investigation, and research and prepare motions, and Grant C. Jaquith, United States Attorney for the Northern District of New York (by Richard Belliss, Assistant United States Attorney), having consented to the continuance and the proposed exclusion of a sixty (60) day period under the Speedy Trial Act, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), the parties hereby stipulate and agree as follows:

1. The prior proceedings in this case occurred as follows:

    a. Date of federal arrest: August 1, 2018

    b. Date of indictment: April 18, 2019

    c. Date of arraignment: April 23, 2019

    d. Defendant custody status: Defendant is released on conditions

        i. Date United States moved for detention: N/A

        ii. Date of detention hearing: N/A

          iii.    Date detention decision issued: N/A

    d.    Prior enlargements of time and exclusions under the Speedy Trial Act: multiple pre-indictment enlargements of time; two post-indictment enlargements of time excluding the time running from May 31, 2019 through July 28, 2019; and from August 9, 2019 through October 6, 2019.

2.    The defendant has requested the continuance based on the following facts and circumstances:

    a.    On April 18, 2019, a federal grand jury in the Northern District of New York returned a multiple count indictment alleging that the defendant conspired to commit economic espionage, conspired to commit theft of trade secrets, committed economic espionage, committed theft of trade secrets, and made false statements, all in violation of Title 18, United States Code, Sections 1831, 1832, and 1001. The defendant has been arraigned and is currently released on conditions pending trial.

    b.    The government has previously provided some voluminous discovery to the defense, and continues to provide additional discovery as it becomes available. Because the defense has not yet had near-full discovery for any appreciable amount of time, the defense has been unable to complete its investigation or to determine what motions should be filed. The defense will need time to review the discovery, conduct its own investigation, and prepare motions.

3.    The parties stipulate and agree that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial. The nature of the investigation, its complexity, and the need for the defense team to review the discovery, conduct an investigation, and prepare its motions make it unreasonable to expect the defense to be prepared to defend the case at trial on October 28, 2019 (the presently scheduled trial

date), taking into account the exercise of due diligence.

4. The parties stipulate and agree that the time period running ninety (90) days from the date of the Court=s order shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(iv).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated:   October 7, 2019

GRANT C. JAQUITH
United States Attorney

Richard Belliss
Assistant U.S. Attorney
Bar Roll No. 515295

October 3, 2019

Kevin Luibrand, Esq.
Attorney for Xiaoqing Zheng
Bar Roll No. 103089

ORDER

A.     The Court incorporates into this Order the stipulated facts set forth above and hereby adopts them as findings.

B.     The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether a continuance serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial because the nature of the investigation, its complexity, the need for the defense to review evidence, to conduct an investigation, and to prepare its motions, make the requested delay necessary, taking into account the exercise of due diligence.

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS IT IS HEREBY ORDERED

A.     That the ninety (90) day period running from the date of this Order, up to and including _____, 2019 shall be excludable in computing time under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(iv) in order to give the defense reasonable time necessary for effective preparation.

B.     The deadline for the completion of reciprocal discovery by the defendant (otherwise due within 21 days of arraignment pursuant to the terms of the Local Rules of Criminal Procedure and the Criminal Pretrial Order) will be extended by 90 days to _____ 2019.

  C. The trial in this matter shall begin on _____, 2019 before United States District Judge Mae A. D'Agostino, in Albany, New York or, in the alternative, a change of plea shall be entered on or before _____, 2019.

Dated: October \_\_\_\_\_, 2019

                _____
                Hon. Mae A. D'Agostino
                United States District Court Judge
                Northern District of New York