IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.     1:19-CR-00156 (MAD) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **XIAOQING ZHENG,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

### UNITED STATES' MOTION FOR
### PROTECTIVE ORDER FOR TRIAL

The government requests that the Court issue the proposed Protective Order for Trial, attached as Exhibit 1, to regulate the presentation at trial of exhibits and testimony that could reveal trade secrets or other confidential information, pursuant to 18 U.S.C. § 1835(a). A copy of the Protective Order for Trial was sent to defense counsel on August 20, 2021.

In cases charging crimes under the Economic Espionage Act (18 U.S.C. § 1831 *et seq.*), § 1835(a) requires that the Court "enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets, consistent with the requirements of the Federal Rules of Criminal and Civil Procedure, the Federal Rules of Evidence, and all other applicable laws." The Court has already entered several such orders to regulate the handling in discovery of information that the government asserts contain or relate to trade secrets. *See, e.g.*, Dkt. 43, 101. The inherent risk of public exposure of trade secrets at trial requires a similar protective order dealing specifically with trial procedures. Such orders are commonplace in criminal trade-secret cases. *See, e.g.*, *United States v. Sinovel Wind Group Co., Ltd.*, No. 13-CR-84, Doc. 422 (Dec. 28, 2017); *United States v. Zhang*, No. 13-20134, Doc. 213 (Feb. 3, 2017).

The attached Protective Order for Trial is proposed for the sole purpose of preventing the public disclosure at trial of information that the government and the victim companies contend constitutes or would reveal trade secrets. For exhibits that would reveal trade secrets, the order specifies that such exhibits should not be displayed on monitors viewable by the public.

As for testimony, the government expects that the only potential witnesses whose testimony may risk revealing trade secrets are witnesses from the victim company. The government expects that its direct examination of the victim company witnesses will not call for them to orally reveal trade secrets; they will be able to explain the trade secrets to the jury by referring to exhibits that, under the proposed order, would be viewable by the jury but not by the public. However, the government cannot control defense counsel's cross-examination of the victim company witnesses, or their possible direct examination of experts. The order would require both parties to advise the relevant witnesses not to testify in a way that would publicly reveal information that the government and the victims contend contains trade secrets. The government does not intend to prevent witnesses from referring to specific figures or details in any exhibits containing trade secrets; rather, the intent is to prevent testimony that reveals trade secrets by extensively reciting the contents of the exhibits and effectively recreating the exhibits. The order also requires that any disputes regarding such testimony be handled outside the presence of the jury. Should a dispute arise in the midst of questioning—e.g., the government or the witness believes that an answer to defense counsel's question would result in trade secrets being revealed—the order provides that the parties (or the witness) should bring the matter to the

Court's attention in a manner approved by the Court, and it should be addressed at sidebar conference.[1]

The need for these provisions is obvious. Regardless of the jury's ultimate verdict, public disclosure of the victim company's confidential information at trial would cause severe harm to the victim company. This was clearly the harm that Congress intended to avoid in enacting Section 1835. *See, e.g.,* H. Rep. No. 788, 104th Cong., 2d Sess. (1996) at 13 ("The intent of [Section 1835] is to preserve the confidential nature of the information and, hence, its value. Without such a provision, owners may be reluctant to cooperate in prosecutions for fear of further exposing their trade secrets to public view, thus further devaluing or even destroying their worth."). Without protective orders to protect trade secrets—both before and during trial—the government's ability to enforce the Economic Espionage Act would be severely curtailed.

In a theft of trade secrets case, Magistrate Judge Shirley explored the issue of trial protective orders at length, ultimately concluding that such orders were necessary and appropriate in cases of this type. *United States v. Roberts*, No. 3:08-CR-175, Doc. 110, 2010 WL 1010000 (E.D. Tenn. Mar. 17, 2010). Judge Shirley's opinion was affirmed in its entirety by District Judge Phillips, who presided over the trial. *United States v. Roberts*, No. 3:08-CR-175, Doc. 124 (E.D. Tenn. May 10, 2010).

As explained in the *Roberts* opinion, the Court need not determine whether the trade secrets at issue are in fact trade secrets before entering an order like the one proposed here. *Roberts*, 2010 WL 1010000 at *6–8. Nor do the narrowly tailored conditions proposed by the government—such as the provision requiring that exhibits containing trade secret information

---

[1] For example, the government could object and ask to be heard at sidebar, or the witness could respond that his answer "might implicate a court order," at which time the parties would address the matter at sidebar.

not be viewable by public spectators—violate the defendant's Sixth Amendment right to a public trial. *See id.* at *8 ("[T]he Court finds that both the need for protection and defendants' rights can be protected by a narrowly tailored order with reasonable and minimal limitations and restrictions, which seals the photographs and precludes only the public display or transmitting of these photographs during trial.").

*Roberts* also addressed defendants' claim in that case that protective measures at trial would prejudice the jury, because they would suggest that the court had already determined that the information at issue in fact contained trade secrets. As for display of exhibits, the jury would be able to see all exhibits via the evidence display system; if monitors facing the public do not display the trade-secret exhibits, the jury would have no reason to be aware of that fact. *See id.* at 9 ("[T]he monitors facing the public could simply be turned off without the jury being aware of the same.").

The proposed protective order also takes a similar approach to *Roberts* with regard to testimony, including testimony elicited on cross-examination. The proposed order requires that any issues that arise in this context be handled outside the presence of the jury, including at a sidebar conference if necessary. *See id.* ("Any proposed potentially infringing testimony should likewise be brought to the District Court's attention as soon as possible and, if such arises during trial, at a bench conference. In all cases, this is to be done outside the presence of the jury . . . .").

Accordingly, the government requests that the Court enter the attached Protective Order for Trial.

Respectfully Submitted,

ANTOINETTE T. BACON
ACTING UNITED STATES ATTORNEY

By:     /s/ *Richard D. Belliss*

4

Richard D. Belliss
Assistant United States Attorney
Bar Roll No. 515295

/s/ *Emily C. Powers*
Emily C. Powers
Assistant U. S. Attorney
Bar Roll Number: 700796

/s/ *Matthew Chang*
Matthew Chang
Trial Attorney
Bar Roll Number: 702857