UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.

XIAOQING ZHENG

Defendant.
_____

DECLARATION

Cr. No. 1:19-CR-00156 (MAD)

(Hon. Mae A. D'Agostino)

RICHARD D. BELLISS, under penalties of perjury, declares and says:

1. That I am an Assistant United States Attorney assigned to the United States Attorney's Office for the Northern District of New York. I am member of the prosecution team in this case.

2. This Declaration is submitted in response to the defendant's motion to preclude the Court from considering General Electric's October 7, 2022 victim impact statement, the government's second sentencing memorandum (Dkt. No. 311), and the government's third sentencing memorandum (Dkt. No. 312). *See* Dkt. No. 314.

### The Forfeiture Allegation in the Superseding Indictment

3. In the forfeiture allegation of the superseding indictment, the following sum of currency and items are to be forfeited upon conviction of the defendant on Count One (conspiracy to commit economic espionage): $50,000.00 in United States currency; a Dell Precision Desktop Workstation 3600, serial number: 7QK0RW1; and an iPhone X, white in a black case, serial number: F17VN3X5JCLJ. *See* Dkt. No. 140 at ¶ 105. These items were admitted at trial by either a picture of the same or the item itself. *See* GE-27(t), (ll); GE-24(a); GE-25(a). The currency, the computer, and the smartphone were viewed by the government as

1

either being proceeds derived from the count of conviction (the currency), or property that was used to commit and/or facilitate the count of conviction (the computer and smartphone).

4.      Following the jury's announcement of its verdicts on March 31, 2022, the parties had a brief sidebar conference with the Court as to the issue of the forfeiture allegation in the superseding indictment. During the sidebar conference, the defendant's attorneys advised that the defendant would permit the Court to decide issues of forfeiture, and that the defendant's attorneys would provide a written brief setting forth the defendant's arguments against forfeiture.

5.      The defendant filed his written arguments as to forfeiture in his October 3, 2022 sentencing memorandum. *See* Dkt. No. 307. On October 11, 2022, the government filed it third sentencing memorandum which responded to the forfeiture arguments raised in the defendant's October 3, 2022 sentencing memorandum. *See* Dkt. No. 312.

### GE's October 7, 2022 Victim Impact Statement

6.      On June 29, 2022, your Declarant advised GE that it had a right to submit a victim impact statement that described the impact of the defendant's crime on GE, to have a representative speak in open court at the time of the sentencing, or to do both.

7.      On October 3, 2022 the defendant filed a voluminous sentencing memorandum in which he argued that the loss for purposes of the sentencing guidelines should be zero. *See* Dkt. No. 307.

8.      At 4:23 p.m. on October 7, 2022, the government received, via e-mail, GE's October 7, 2022 victim impact statement. At 4:34 p.m. on October 7, 2022, the government e-mailed GE's October 7, 2022 victim impact statement to the defendant's attorneys and to Probation.

9. On October 11, 2022, the government filed its second sentencing memorandum which responded to the loss arguments raised in the defendant's October 3, 2022 sentencing memorandum. *See* Dkt. No. 311. The government's second sentencing memorandum argued in support of Probation's scoring of loss, and cited to testimony admitted at trial, government exhibits admitted at trial, and information in GE's October 7, 2022 victim impact statement that corroborates and amplifies the evidence admitted at trial that relates to loss. *See id.*

**Government Efforts to Obtain Additional Information from GE Surrounding its October 7, 2022 Victim Impact Statement**

10. During the week of November 14, 2022, the government attempted to speak with the author of GE's October 7, 2022 victim impact statement - Anthony Walsh, Global Projects and Litigation Counsel, GE Gas Power. Your Declarant was unable to speak with Mr. Walsh as he was in Europe participating in an international arbitration matter involving GE.

11. During the week of November 14, 2022, your Declarant was able to speak with GE's outside counsel, Celeste Koeleveld, Esq., about the issues raised in the defendant's pending motion (Dkt. No. 314). According to Ms. Koeleveld, GE should be able to provide the parties and the Court with the following additional information pertaining to the October 7, 2022 victim impact statement: by December 1, 2022 Mr. Walsh (the author of the victim impact statement) should be able to provide an affidavit in which he (i) avers that the information contained in GE's October 7, 2022 victim impact statement is true to the best of his knowledge, and (ii) provides some additional detail as to his role as GE Gas Power's Global Projects and Litigation Counsel, and how he went about obtaining the information that is contained in the victim impact statement.

Pursuant to Title 28, United States Code, Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 21, 2022

/s/ Richard D. Belliss
RICHARD D. BELLISS
ASSISTANT U.S. ATTORNEY