# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No.    1:19-cr-156 (MAD) |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| Xiaoqing Zheng, | ) | |
| | ) | |
| Defendant. | ) | |

---

## UNITED STATES' MOTION TO DISMISS THE ANCILLARY CLAIM
## FILED BY HUI JIN

---

CARLA B. FREEDMAN
United States Attorney
Northern District of New York


By:    ELIZABETH A. CONGER
Assistant United States Attorney
100 South Clinton Street
Syracuse, New York 13261-7198
(315) 448-0560
elizabeth.conger@usdoj.gov

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................3

MEMORANDUM OF LAW ......................................................................................................6

I.   PRELIMINARY STATEMENT ......................................................................................6

II.  STATEMENT OF FACTS ..............................................................................................7

III. LEGAL ARGUMENT......................................................................................................8

    A.   Statutory Framework .............................................................................................8

    B.   Standard of Review................................................................................................9

    C.   Discussion ............................................................................................................12

          a.   *The Claim Fails to Comply with the Pleading Requirements*
             *of Section 853(n)(3) and Should be Dismissed.* ...............................................12

          b.   *The Claim Fails to Show that the Petitioner has a Superior Interest in the*
             *Subject Currency under 21 U.S.C. § 853(n)(6)(A) and Should be*
             *Dismissed.* ........................................................................................................15

          c.   *Zheng's Statements Regarding the Origins of the Subject*
             *Currency Further Undermine the Plausibility of the Claim* .........................15

IV. CONCLUSION...............................................................................................................16

## **TABLE OF AUTHORITIES**

### **Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................10, 11

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...........................................................10, 11, 12

*DSI Assocs. v. United States*, 496 F.3d 175 (2d Cir. 2007) ...............................................8

*Nakahata v. New York Presbyterian HealthCare System*, 723 F.3d 192 (2d Cir. 2012) ..............11

*Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*,
595 F.3d 86 (2d Cir. 2010) ....................................................................................11

*Pacheco v. Serendensky*, 393 F.3d 348 (2d Cir. 2004) ..........................................................9, 10

*Willis Mgmt. (Vt.), Ltd. v. United States*, 652 F.3d 236 (2d Cir. 2011) ..................................10, 11

*United States v. Aitken*, No. 2:09-cr0097, 2010 WL 2951171 (D. Nev. July 22, 2010) ................9

*United States v. Amiel*, 995 F.2d 367, 371 (2d Cir. 1993) .............................................13

*United States v. Burge,* 829 F. Supp. 2d 664 (C.D. Ill. 2011) ...................................................12

*United States v. Chang*, No. 2:19-mc-51797-SFC-APP, 2020 WL 1083777
(E.D. Mich. Mar. 6, 2020) ....................................................................................12

*United States v. Egan*, No. 10 Cr. 191 (JFK), 2015 WL 4772688
(S.D.N.Y. Aug. 13, 2015) .................................................................................. fn. 10

*United States v. Glenn,* No. CR-10-084-RAW, 2012 WL 3775965
(E.D. Okla. Aug. 28, 2012) ....................................................................................12

*United States v. King*, No. 3:06-cr-212- J-33MCR, 2009 WL 2525560
(M.D. Fla. Aug. 17, 2009) ....................................................................................9

*United States v. Kokko*, No. 06-cr-20065, 2007 WL 2209260 (S.D. Fla. July 30, 2007) ............12

*United States v. McHan,* 345 F.3d 262, 275 (4th Cir. 2003) ............................................. fn. 10

*United States v. Mendez*, No. 07-CR-107 (ARR), 2009 WL 1706354
(E.D.N.Y. June 17, 2009) ....................................................................................10

*United States v. Pegg*, No. 7:97-CR-30 HL ALL, 2000 WL 34612651
(M.D. Ga. Nov. 9, 2000) .............................................................................9

*United States v. Ribadeneira*, 105 F.3d 833 (2d Cir. 1997) ..........................8

*United States v. Sigillito*, 938 F. Supp. 2d 877 (E.D. Mo. 2013) ................12

*United States v. Soreide*, 461 F.3d 1351 (11th Cir. 2006) ...........................13

*United States v. Strube*, 58 F. Supp. 2d 576 (M.D. Pa. 1999) .....................13

*United States v. Swartz,* 391 F. Supp. 3d 199 (N.D.N.Y. 2019) ..................12

*United States v. Weekley,* No. CR09-2023, 2010 WL 5247936 (N.D. Iowa Dec. 1, 2010) .........13

## **Rules**

Fed. R. Crim. P. 32.2 ......................................................................................7

Fed. R. Crim. P. 32.2(b)(6)(C) ......................................................................8

Fed R. Crim. P. 32.2(c) ........................................................................8, fn. 10

Fed. R. Crim. P. 32.2(c)(1)(A) ...........................................................6, 9, 10, 16

Fed. R. Civ. P. 12(b) ......................................................................................7

Fed. R. Civ. P. 12(b)(6) ................................................................................10

## **Statutes**

18 U.S.C. § 1001............................................................................................7

18 U.S.C. § 1831............................................................................................7

18 U.S.C. § 1832............................................................................................7

21 U.S.C. § 853..............................................................................................7

21 U.S.C. § 853(c) .........................................................................................8

21 U.S.C. § 853(n) ....................................................................................8, 12

21 U.S.C. § 853(n)(1) ....................................................................................8

21 U.S.C. § 853(n)(2) .................................................................................................8

21 U.S.C. § 853(n)(3) ...............................................................................6, 7, 9, 12, 13, 15

21 U.S.C. § 853(n)(6)(A) ........................................................................6, 7, 9, 14, 15

21 U.S.C. § 853(n)(6)(B) ..................................................................................9

<u>**UNITED STATES' MOTION TO DISMISS**</u>
<u>**THE ANCILLARY CLAIM FILED BY HUI JIN**</u>

Pursuant to Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure, the United States of America moves to dismiss the claim of third-party petitioner Hui Jin (the "Petitioner"), for failing to comply with the pleading requirements set forth in 21 U.S.C. § 853(n)(3), and for failure to state a claim under 21 U.S.C. § 853(n)(6)(A).  In support of its motion, the United States submits the following memorandum of law:

<u>**MEMORANDUM OF LAW**</u>

## I.   <u>PRELIMINARY STATEMENT</u>

Plaintiff, the United States of America (the "United States" or the "government") respectfully submits this memorandum of law in support of its motion to dismiss the ancillary claim (the "Claim") filed by Hui Jin (the "Petitioner").  *See* Claim, ECF No. 333.

In sum and substance, the Petitioner asserts that $50,000 in U.S. Currency (the "Subject Currency") forfeited from her husband, Xiaoqing Zheng ("Zheng"), consists of money she collected from Chinese people residing in the Albany, New York area.  *Id.,* ¶¶9-10.  She further claims that she agreed to transmit, without charge, an equal amount of Chinese currency to these individuals' families in China.  *Id.,* ¶¶10-12.  As such, she asserts that her interest in the property is superior to any right, title, or interest of the government because it vested prior to the conduct for which Zheng was found guilty.  *Id.*, ¶¶14-16.

However, the Petitioner has failed to provide any information substantiating the time and circumstances of her acquisition of the right, title, or interest in the Subject Currency as required by 21 U.S.C. § 853(n)(3).  Accordingly, the Claim fails because it does not comport with the

pleading requirements set forth in § 853(n)(3), and her Claim should be dismissed.  Furthermore, as her Claim fails to set forth the time and circumstances of her alleged acquisition of interest in the property, she has not shown that she has a "legal right, title, or interest" in the property that "vested in the petitioner rather than the defendant, or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture."  21 U.S.C. § 853(n)(6)(A).  In view of this, her Claim should also be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Crim. P. 32.2.

## II.   STATEMENT OF FACTS

On April 18, 2019, Zheng was indicted in criminal case number 1:19-cr-156 (MAD) which charged him with violations of 18 U.S.C. §§ 1001, 1831, and 1832.  (Indictment, ECF No. 25).

On August 10, 2021, a Superseding Indictment was filed in criminal case number 1:19-cr-156 (MAD) charging Zheng with violations of 18 U.S.C. §§ 1001, 1831, and 1832.  (Superseding Indictment, ECF No. 140).

A Jury trial commenced on March 7, 2022, and Zheng was found guilty of Count 1 on March 31, 2022.  (Jury Verdict Form, ECF No. 249).

On October 5, 2022, the Court issued a Preliminary Order of Forfeiture for the forfeiture of $50,000 in U.S. Currency (the "Subject Currency"), a Dell Precision Desktop Workstation 3600, serial number 7QK0RW1, and an iPhone X, white in a black case, serial number F17VN3X5JCLJ from Zheng.  (Preliminary Order of Forfeiture, ECF No. 309).

Zheng was sentenced on January 3, 2023, and forfeiture was made part of the Judgment.  (Judgment, ECF No. 323).

On February 9, 2023, the United States Marshal's Service ("USMS"), served a copy of the Preliminary Order of Forfeiture, the Notice to Potential Claimant, and the 21 U.S.C. § 853 statute

via certified mail to potential claimant, Hui Jin.  The certified mailing card was signed for on February 11, 2023.  (Process Return & Receipt, ECF No. 329).

Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, notice of forfeiture was posted on the government's official internet website for 30 days beginning on February 10, 2023.  (Declaration of Publication, ECF No. 332).

On March 16, 2023, the Petitioner filed a Claim asserting a legal right, title, and interest superior and prior to that of the United States in the Subject Currency.  (Petition of Claim, ECF No. 333, ¶¶ 14, 15).

## III.   LEGAL ARGUMENT

### A.  Statutory Framework.

The post-trial ancillary proceeding affords a petitioner/claimant an opportunity to establish their legal right, title or interest in criminally forfeited property. *See* 21 U.S.C. § 853(n); Fed R. Crim. P. 32.2(c).  The rules governing an ancillary proceeding are set forth in 21 U.S.C. §§ 853(c) and (n), and Rule 32.2(c) of the Federal Rules of Criminal Procedure. Section 853(n) provides the exclusive means by which a third party may claim an interest in property forfeited in a criminal case and the only forum in which such a claim may be adjudicated. *See DSI Assocs. v. United States*, 496 F.3d 175, 183 (2d Cir. 2007); *United States v. Ribadeneira*, 105 F.3d 833, 834 (2d Cir. 1997).

The procedures applicable to third-party claims to forfeited property are addressed under 21 U.S.C. § 853(n), which states that "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States . . . may . . . petition the court for a hearing to adjudicate the validity of his [or her] alleged interest in the property." 21 U.S.C. § 853(n)(2).

Such a petition must comply with certain pleading requirements, as set forth in § 853(n)(3):

> The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

21 U.S.C. § 853(n)(3).

A petition that does not satisfy the requirements of section 853(n)(3) may be dismissed without a hearing. *United States v. Pegg*, No. 7:97-CR-30 HL ALL, 2000 WL 34612651, at *2 (M.D. Ga. Nov. 9, 2000); *see United States v. Aitken*, No. 2:09-cr0097, 2010 WL 2951171, at *2 (D. Nev. July 22, 2010) (dismissing petition without prejudice where petitioners failed to satisfy the statutory requirements of § 853(n)(3)); *United States v. King*, No. 3:06-cr-212- J-33MCR, 2009 WL 2525560, at *2 (M.D. Fla. Aug. 17, 2009) (dismissing petition for failure to sign under penalty of perjury, failure to include a description of right, title, or interest in property, and failure to include time and circumstances of acquisition).

To prevail in their claim for relief, a petitioner/claimant must prove by a preponderance of the evidence that they either "(a) have an interest in the property that is superior to the criminal defendant's because it arose prior to 'the time of the commission of the acts [that] gave rise to the forfeiture,' 21 U.S.C. § 853(n)(6)(A), or (b) be a 'bona fide purchaser for value' of the property who was 'reasonably without cause to believe that the property was subject to forfeiture' at the time of purchase." *Pacheco v. Serendensky*, 393 F.3d 348, 353 (2d Cir. 2004) (citing 21 U.S.C. §§ 853(n)(6)(A) and (B)).

**B.  Standard of Review for a Motion to Dismiss.**

Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure authorizes the Government to move to dismiss a third-party petition or claim prior to discovery for lack of standing or for

failure to state a claim. The Rule states, in relevant part:

> (A)     In the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be true.

Fed. R. Crim. P. 32.2(c)(1)(A); *see also Willis Mgmt. (Vt.), Ltd. v. United States*, 652 F.3d 236, 241 (2d Cir. 2011). "A motion to dismiss a third party petition in a forfeiture proceeding prior to discovery or a hearing should be treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)." *See, e.g.*, *Pacheco*, 393 F.3d at 352 (2d Cir. 2004) (citing Advisory Committee notes to Federal Rule of Criminal Procedure 32.2(c), which explain that because ancillary hearings may involve complex issues requiring years to resolve, "procedures akin to those available under the Federal Rules of Civil Procedure," such as motions to dismiss, "should be available to the court and the parties to aid in the efficient resolution of the claims"); *United States v. Mendez*, No. 07-CR-107 (ARR), 2009 WL 1706354, at *2 (E.D.N.Y. June 17, 2009).[1]

Under Rule 12(b)(6), a petition should be dismissed if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The standard applicable to a motion to dismiss is set forth in the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A motion to dismiss must be granted if the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief

---

[1] Although a motion to dismiss under Fed. R. Crim. P. 32.2(c) is treated like a motion to dismiss a civil complaint under Fed. R. of Civ. P. 12(b), an ancillary proceeding is *not* a civil forfeiture action against a third party's property; rather, it is functionally akin to an equitable action to quiet title. *See United States v. McHan,* 345 F.3d 262, 275 (4th Cir. 2003) (the ancillary proceeding is a competition over the ownership of the property; it is not a civil forfeiture proceeding in which the government is trying to forfeit a third party's interest in property – consequently, it does not "commence a proceeding for which a jury is afforded by the Seventh Amendment"); *United States v. Egan*, No. 10 Cr. 191 (JFK), 2015 WL 4772688, at *6 (S.D.N.Y. Aug. 13, 2015) (the only purpose of the ancillary proceeding is to determine whether any third party has a legal interest in the forfeited property), *aff'd,* 654 Fed. Appx. 520 (2d Cir. 2016).

that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level, … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

The Court need not, however, accept as true a legal conclusion or a legal conclusion couched as a factual allegation. *See Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). Ultimately, whether a complaint states a plausible claim for relief is a context-specific determination that requires "the reviewing court to draw on its judicial experience and common sense," and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. at 679.

Dismissal is appropriate where the petition does not set forth "enough facts to state a claim to relief that is plausible on its face." *Willis Mgmt*., 652 F.3d at 241-42 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be plausible, the petition need not show a probability of success, but it must evidence more than a mere possibility of a right to relief. *Twombly*, 550 U.S. at 556; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etermining plausibility is a context specific endeavor that requires the court to draw upon its experience and common sense." *Nakahata v. New York Presbyterian HealthCare System*, 723 F.3d 192, 196 (2d Cir. 2012) (citations omitted). All reasonable inferences must be drawn in favor of the petitioner. *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010). The Court, however, is not required to accept "mere conclusory statements," nor is it required to

accept legal conclusions that are pleaded as factual allegations. *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555).

    **C. Discussion.**

        *a. The Claim Fails to Comply with the Pleading Requirements of Section 853(n)(3) and Should be Dismissed.*

Federal courts require strict compliance with the pleading rules set forth in Section 853(n)(3). *See United States v. Swartz*, 391 F. Supp. 3d 199, 213 (N.D.N.Y. 2019), *aff'd sub nom.*, *United States v. Swartz Fam. Tr.*, 67 F.4th 505 (2d Cir. 2023) (strict compliance with § 853(n)(3) is necessary, "primarily because there is a substantial danger of false claims in forfeiture proceedings"), (citing *United States v. Burge*, 829 F. Supp. 2d 664, 667 (C.D. Ill. 2011)). A petition must "do more than state [the] interest in a conclusory fashion." *United States v. Kokko*, No. 06-cr-20065, 2007 WL 2209260, at *5 (S.D. Fla. July 30, 2007). A bare assertion of ownership is not sufficient to meet the pleading requirements under section 853(n). *See, e.g.*, *United States v. Glenn*, No. CR-10-084-RAW, 2012 WL 3775965, at *2 (E.D. Okla. Aug. 28, 2012) (petition that simply stated the currency belonged to petitioner "and was acquired by him through his own legal labor and efforts" did not sufficiently set forth the time and circumstances of his acquisition of the right, title, or interest in the property); *United States v. Sigillito*, 938 F. Supp. 2d 877, 887–88 (E.D. Mo. 2013) (bare legal assertion of a marital interest in defendant's property, or that property was received as gifts, is insufficient; claim must state time and circumstances of the petitioner's acquisition of the property interest); *United States v. Chang*, No. 2:19-mc-51797-SFC-APP, 2020 WL 1083777, at *3 (E.D. Mich. Mar. 6, 2020) (where petitioner files only a conclusory statement of interest in forfeited financial accounts, petition is subject to dismissal for failure to comply with 21 U.S.C. § 853(n)(3)'s requirement that a petition describe the "nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's

acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought"); *United States v. Weekley,* No. CR09-2023, 2010 WL 5247936, at *3–4 (N.D. Iowa Dec. 1, 2010) (claim stating that claimant was the owner of the defendant vehicle did not sufficiently state the time and circumstances of his alleged acquisition of an ownership in the vehicle).

All grounds for recovery must be set forth within the petition, and a petitioner may not later amend the petition to assert additional grounds for relief. *See, e.g*., *United States v. Soreide*, 461 F.3d 1351, 1355 (11th Cir. 2006) (holding that claims not asserted in petition were statutorily time-barred); *United States v. Strube*, 58 F. Supp. 2d 576, 585 (M.D. Pa. 1999) (rejecting third-party claims as untimely because they were not raised in petition but first asserted in response to government's motion to dismiss). A petition will therefore succeed or fail in its original and un-amended form, particularly since courts require "strict compliance" with the rules and deadlines governing forfeiture proceedings. *See United States v. Amiel*, 995 F.2d 367, 371 (2d Cir. 1993) (collecting cases applying the "strict compliance" standard).

The Petitioner's conclusory statements regarding her alleged interest in the Subject Currency fail to conform to the strict pleading requirements of Section 853(n)(3) as they provide no actual details concerning the time and circumstances of her alleged acquisition of the Subject Currency.  She vaguely states that "[i]n January 2017, [she] and Defendant began helping Chinese people who resided in Albany, New York, area" that she "met through her real estate business and at church to send money to their families in China."  ECF No. 333, ¶9.  Aside from this nebulous "starting date," she provides no firm information pertaining to the timeline associated with her alleged acquisition of her interest in the Subject Funds.

The help that the Petitioner alleges that she and her husband provided[2] to these individuals involved the transfer of Chinese yuan to the individuals' families in China in exchange for providing the Petitioner with equivalent amounts of U.S. currency.  *Id.*, ¶¶10, 11.  The Petitioner states that the Subject Currency is the U.S. currency given to her by these individuals.  *Id.*, ¶13.

Aside from these bare assertions, she provides nothing further with which the Court may evaluate her claim under 21 U.S.C. § 853(n)(6)(A).  For instance, she provides no names of any person from the Albany area from whom she allegedly accepted U.S. currency, no amounts of money associated with each person she alleges to have helped, no dates upon which she allegedly accepted the U.S. currency, no dates upon which she allegedly transferred yuan to the families in China, and no indication of how many times she made these transfers.  Critically, she provides no information regarding how she allegedly transferred the funds to China, and no explanation as to how she managed the payment of the fees typically associated with the international transfer of funds.  She merely claims that she did not charge the people she alleges to have helped.  (*Id.,* 12).

Additionally, she provides no explanation as to the peculiar circumstances in which the Subject Currency was discovered – $50,000 worth of one-hundred-dollar bills wrapped in rubber bands and hidden in the closet in the bedroom and in the basement of her residence.  (ECF No. 262, Transcript of Proceedings, March 14, 2022, Day Five, Afternoon Session, at 30, ¶¶4-10).

Lastly, the Claim is devoid of any documentation whatsoever that might otherwise support her assertion of ownership.

In view of the foregoing, the Petitioner's Claim, in which she has failed to provide any

---

[2] Curiously, the Petitioner asserts that she and her husband both began providing assistance to Chinese people living in the Albany area in January 2017 (ECF No. 333, ¶), but later asserts, without explanation, that her husband, from whom the Subject Currency was forfeited, had no interest in the Subject Currency.  (*Id.*, ¶15).

sufficient detail to explain the time and circumstances of her acquisition of her alleged interest in the Subject Funds, fails to satisfy the pleading requirements set forth in 21 U.S.C. § 853(n)(3) and should be dismissed.

### b.   The Claim Fails to Show that the Petitioner has a Superior Interest in the Subject Currency under 21 U.S.C. § 853(n)(6)(A) and Should be Dismissed.

As set forth above, the Petitioner's assertions regarding her alleged acquisition of the Subject Currency are devoid of sufficient detail to satisfy the strict pleading requirements found in 21 U.S.C. § 853(n)(3).   Similarly, this lack of detail means that she has failed to provide sufficient facts to state a claim that is plausible on its face showing that she has a superior interest to the Subject Currency under 21 U.S.C. § 853(n)(6)(A).   Outside of "January 2017," which the Petitioner notes as the starting date of her alleged assistance to members of the Chinese community, she simply provides no other dates or details that would allow the Court to determine whether her alleged interest in the Subject Currency was chronologically superior to the government's.

### c.   Zheng's Statements Regarding the Origins of the Subject Currency Further Undermine the Plausibility of the Claim.

Zheng's explanations regarding the source of the funds further undermine the plausibility of her claims.[3]   When asked if there were any assets in the house that he should identify for the FBI, Zheng states:

> No assets. No- if there is some money then that's either from my mother-in-law and my sister, you know. They want to buy a house. My wife is a realtor agent, so her sister want to, you know, want to get a house in U.S. I think that's all. I don't think I have any assets other than that. Even I drive my car it's a used car, so ... There's no-

---

3 This testimony was provided in the recorded interview of August 1, 2018 with FBI Special Agents Gary E. Hoover, Jr. and M.D. McDonald, which was submitted into evidence at trial as Government's Exhibit 28(a) with the transcript submitted as Government's Exhibit 28(b).

*See* Government's Exhibit 28 (b), ECF No. 103-6 at 69.  When he is again questioned about the source of any cash found in the house, Zheng shifts gears and responds that he received funding from his partner in Liaoning, adding that the "local government gave me more like a start-up kind of for funding and that funding- that's- that's the only thing I get paid in China." *Id.* at 70.  Zheng then affirms that the money provided to him by the company in Liaoning was approximately $74,000 in U.S. currency. *Id.*  Zheng states that the Chinese government provided his sister in China with payments to him made in yuan. *Id.* at 72.  He adds that he received funds in U.S. currency from people in the United States who wanted yuan remitted to people in China without going through a bank. *Id.* at 72.  Zheng then confirms that his sister would distribute the money in China accordingly. *Id.* at 75.  In short, Zheng's explanation lays out the method Zheng used to effectively be paid in U.S. Currency by the Chinese government without utilizing any traceable international transfers of money, and identifies the Subject Currency, found in his home, as the ersatz payments from China.

Zheng's statements further undermine the plausibility of the Claim and support its dismissal.

## IV.   <u>CONCLUSION</u>

For the reasons set forth herein, the United States respectfully moves this Court to dismiss the Claim filed by Hui Jin pursuant to Fed. R. Crim. P. 32.2(c)(1)(A). The Plaintiff further requests the opportunity to file a Reply to any Response to this Motion if it deems appropriate.

16

DATED:  Syracuse, New York, July 28th, 2023.


                                        CARLA B. FREEDMAN
                                        United States Attorney
                                        Northern District of New York


                                        */s/ Elizabeth A. Conger*
                                By:     ELIZABETH A. CONGER
                                        Assistant United States Attorney
                                        100 South Clinton Street
                                        Syracuse, New York 13261-7198
                                        (315) 448-0560
                                        elizabeth.conger@usdoj.gov

17