UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    vs.                                              1:19-CR-156 (MAD)

XIAOQING ZHENG,

                          **Defendant.**

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **OFFICE OF THE UNITED STATES ATTORNEY**<br>James T. Foley U.S. Courthouse<br>445 Broadway, Room 218<br>Albany, New York 12207-2924<br>Attorneys for the United States | **RICHARD D. BELLISS, AUSA**<br>**EMILY C. POWERS, AUSA** |
| **U.S. DEPARTMENT OF JUSTICE**<br>950 Pennsylvania Avenue, NW – Suite 2200<br>Washington, DC 20530<br>Attorneys for the United States | **MATTHEW CHANG, AUSA** |
| **LUIBRAND LAW FIRM, PLLC**<br>950 New Loudon Road<br>Latham, New York 12110<br>Attorneys for Defendant | **KEVIN A. LUIBRAND, ESQ.** |
| **BLANK ROME LLP**<br>1825 Eye Street NW<br>Washington, DC 20006<br>Attorneys for Defendant | **KATHLEEN H. SHANNON, ESQ.**<br>**BRADLEY L. HENRY, ESQ.** |
| **MICHELMAN & ROBINSON LLP**<br>800 3rd Avenue 24th Floor<br>New York, New York 10022<br>Attorneys for Defendant | **KRAIG AHALT, ESQ.** |
| **PRYOR CASHMAN LLP**<br>7 Times Square – 40th Floor<br>New York, New York 10036<br>Attorneys for Defendant | **LAZAR STERLING-JACKSON, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Defendant Xiaoqing Zheng ("Defendant") was hired by General Electric ("GE") in 2008 and worked at GE as a full-time engineer until on or about August 1, 2018, the date of his arrest. On April 18, 2019, Defendant was charged along with Zhaoxi Zhang in Indictment No. 1:19-cr-156 with theft of GE's trade secrets and economic espionage. *See* Dkt. No. 25. In a fourteen-count Superseding Indictment dated August 10, 2021, Defendant was charged as follows in twelve counts: one count of Conspiracy to Commit Economic Espionage, in violation of Title 18, United States Code, Section 1831(a)(5) (Count One); one count of Conspiracy to Commit Theft of Trade Secrets, in violation of Title 18, United States Code, Section 1832(a)(5) (Count Two); five counts of Economic Espionage, in violation of Title 18, United States Code, Sections 1831(a)(1) and (2) (Counts Three, Four, Seven, Eight, and Nine); six counts of Theft of Trade Secrets, in violation of Title 18, United States Code, Sections 1832(a)(1), (2) and (3) (Counts Five, Six, Nine, Ten and Thirteen); and one count of False Statement or Entries, in violation of Title 18, United States Code, Section 1001(a)(2) (Count Fourteen). *See* Dkt. No. 140.

Trial in this case commenced on March 3, 2022, and on March 31, 2022, the jury returned a guilty verdict on Count One (Conspiracy to Commit Economic Espionage), not guilty verdicts on Counts Seven, Eight, Nine, and Ten, and hung on Counts Two, Three, Four, Five, Six, Thirteen, and Fourteen. *See* Dkt. No. 249. On October 5, 2022, the Court issued a Preliminary Order of Forfeiture for the forfeiture of $50,000 in U.S. Currency (the "Subject Currency"), a Dell Precision Desktop Workstation 3600, and an iPhone X. *See* Dkt. No. 309. Defendant was sentenced on January 4, 2023, and forfeiture was made part of the Judgment. *See* Dkt. No. 323.

Thereafter, a potential claimant, Hui Jin (Defendant's wife), was served a copy of the Preliminary Order of Forfeiture, the Notice to Potential Claimant, and 21 U.S.C. § 853 via certified mail. *See* Dkt. No. 329. Additionally, pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, notice of forfeiture was posted on the Government's official internet website for thirty days. *See* Dkt. No. 332.

Petitioner Hui Jin ("Petitioner") filed a Claim asserting a legal right, title, and interest superior and prior to that of the United States in the Subject Currency. *See* Dkt. No. 333. The Government subsequently filed a Motion to Dismiss the Ancillary Claim filed by Petitioner. *See* Dkt. No. 346. Following the Government's Motion to Dismiss, Petitioner filed a Cross Motion to Amend the Petition. *See* Dkt. No. 351.

In sum and substance, Petitioner asserts that the Subject Currency forfeited from her husband consists of money she collected from Chinese people residing in the Albany, New York area. *See* Dkt. No. 333 at ¶¶ 9-10. She further claims that she agreed to transmit, without charge, an equal amount of Chinese currency to these individuals' families in China. *See id.* at ¶¶ 10-12. As such, she asserts that her interest in the property is superior to any right, title, or interest of the Government because it vested prior to the conduct for which Defendant was found guilty. *See id.* at ¶¶ 14-16. In her Cross Motion to Amendment the Petition, Petitioner provides additional details regarding the transactions, including the individuals involved, and the dates and amounts of the money transfers to China.

Currently before the Court are the Government's Motion to Dismiss the Ancillary Claim filed by Petitioner and Petitioner's Cross Motion to Amend the Petition. For the reasons set forth below, the Government's motion is granted and Defendant's cross motion is denied.

## II. DISCUSSION

A.     **Statutory Framework**

The post-trial ancillary proceeding affords a petitioner/claimant an opportunity to establish their legal right, title or interest in criminally forfeited property.  *See* 21 U.S.C. § 853(n); Fed. R. Crim. P. 32.2(c).  The rules governing ancillary proceedings are set forth in 21 U.S.C. §§ 853(c) and (n), and Rule 32.2(c) of the Federal Rules of Criminal Procedure.  Section 853(n) provides the exclusive means by which a third party may claim an interest in property forfeited in a criminal case and the only forum in which such a claim may be adjudicated.  *See DSI Assocs. v. United States*, 496 F.3d 175, 183 (2d Cir. 2007); *see also United States v. Ribadeneira*, 105 F.3d 833, 834 (2d Cir. 1997).

The procedures applicable to third-party claims to forfeited property are addressed under Section 853(n), which stated that "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States ... may ... petition the court for a hearing to adjudicate the validity of his [or her] alleged interest in the property." 21 U.S.C. § 853(n)(2).

Such a petition must comply with the following pleading requirements:

> The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

21 U.S.C. § 853(n)(3).  A petition that does not satisfy the requirements of Section 853(n)(3) may be dismissed without a hearing.  *See United States v. Pegg*, No. 7:97-cr-30, 2000 WL 34612651, *2 (M.D. Ga. Nov. 9, 2000); *United States v. Aitken*, No. 2:09-cr-97, 2010 WL 2951171, *2 (D. Nev. July 22, 2010); *United States v. King*, No. 3:06-cr-212, 2009 WL 2525560, *2 (M.D. Fla. Aug. 17, 2009).

To prevail on her claim for relief, a petitioner/claimant must prove by a preponderance of the evidence that they either "(a) have an interest in the property that is superior to the criminal defendant's because it arose prior to 'the time of the commission of the acts [that] gave rise to the forfeiture,' ... or (b) be a 'bona fine purchaser for value' of the property who was 'reasonably without cause to believe that the property was subject to forfeiture' at the time of purchase." *Pacheco v. Serendensky*, 393 F.3d 348, 353 (2d Cir. 2004) (quoting 21 U.S.C. §§ 853(n)(6)(A) and (B)).

**B.     Motion to Dismiss Standard**

Rule 32.2 of the Federal Rules of Criminal Procedure authorizes the Government to move to dismiss a third-party petition or claim prior to discovery for lack of standing or for failure to state a claim. *See* Fed. R. Crim. P. 32.2(c)(1)(A); *see also Willis Mgmt. (Vt.), Ltd. v. United States*, 652 F.3d 236, 241 (2d Cir. 2011). "A motion to dismiss a third party petition in a forfeiture proceeding prior to discovery or a hearing should be treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)." *Pacheco*, 393 F.3d at 352 (citation omitted).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are

"integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading.  *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (citation omitted).  Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of the 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the [] complaint must be dismissed[,]" *id.* at 570.

**C.     Leave to Amend**

The Second Circuit has held that a third-party petitioner may be granted leave to amend the petition where the initial petition was timely filed, the petition would otherwise be dismissed for a technical issue, and additional factual development was necessary to resolve whether the petitioner stated a claim.  *See United States v. Swartz Fam. Trust*, 67 F.4th 505, 520 (2d Cir. 2023).  When the defect in the otherwise timely petition is curable, the Court should afford the

petitioner an opportunity to amend. *See id.*; *see also United States v. Furando*, 40 F.4th 567, 579-80 (7th Cir. 2022).

**D.    Application**

In the present matter, the Court agrees with the Government that the original Petition is subject to dismissal for failure to state a claim. As with any prospective claimants in a criminal forfeiture proceeding, Petitioner was statutorily required by Section 853(n)(3) to identify the "time and circumstances" of her acquisition of her alleged interest in the property. *See* 21 U.S.C. § 853(n)(3). Read plainly, this phrase means that a petition must identify when and how they acquired their alleged interest in property subject to forfeiture. *See United States v. Klemme*, 894 F. Supp. 2d 1113, 1116 (E.D. Wis. 2012) (granting the Government's motion to dismiss a claim under Section 853(n)(3) for failing to "set forth when and how petitioner obtained an interest in the shotgun"). As the Government notes, the only time Petitioner identifies an actual date an the Petition in connection to her alleged acquisition of the Subject Currency is when she states that "[i]n January 2017, Petitioner and Defendant began helping Chinese people who resided in the Albany, New York, area whom Petitioner met through her real estate business and at church to send money to their families in China." Dkt. No. 333 at ¶ 9. At most, this statement loosely identifies a point at which Petitioner may have engaged in activities leading to her acquisition of the property – nothing more. The identification of the "time and circumstances" of an alleged acquisition of an interest in property is particularly critical to the determination of whether Petitioner can make a facially plausible claim that she had a superior vested interest in the Subject Currency under 21 U.S.C. § 853(n)(6)(A). When the "when and how" are missing from a claim asserting a superior interest in property, such a claim cannot withstand a motion to dismiss.

Additionally, Petitioner's arguments regarding her "possession" of the property identifying her legal interest are also unpersuasive. The Subject Currency, consisting of $50,000 worth of one-hundred-dollar bills wrapped in rubber bands and hidden in the closet in the bedroom and in the basement of the Zheng residence, was no more in Petitioner's possession at the time of seizure than it was in Defendant's possession. *See* Dkt. No. 262 at 30 (describing the locations in which the Subject Currency was located during execution of the search warrant). Accordingly, the Court finds that the Government's motion to dismiss the Petition must be granted.

The Court also finds that Petitioner's Cross Motion to Amend must be denied. Although Petitioner provides additional details in her Proposed Amended Petition regarding the "time and circumstances" of her alleged acquisition of an interest in the property, the proposed amendment would nevertheless be futile since none of the newly added information plausibly supports a determination that the Subject Currency is not the proceeds of Defendant's offense of conviction. The Proposed Amended Petition still identifies the Subject Currency as funds collected from people in the Albany area representing funds distributed by Defendant's sister in China. *See* Dkt. No. 351-10 at ¶ 12. During his interrogation by Special Agents Hoover and McDonald, Defendant explained that the money that his sister paid to people in China was yuan that she received on his behalf from the government of China in payment for setting up his company in China. *See* Dkt. No. 103-6 at 70-72. Defendant confirmed that he received funds in U.S. currency from people in the United States who wanted yuan remitted to people in China without going through a bank. *See id.* at 72. Thereafter, Defendant's sister would distribute the money in China to the intended recipients. *See id.* at 75. As the Government notes, this system not only allowed Chinese people living in the Albany area the ability to transfer funds to China without using a bank or otherwise engaging in a traceable international transaction, it also allowed

8

Defendant to obtain the funds paid to him by the Chinese government in the same clandestine manner.  Consequently, the funds retained in the United States are the proceeds of the underlying offense – in a form Defendant was able to utilize in the United States without necessitating a wire of funds from China.  Pursuant to the relation-back doctrine set forth under 21 U.S.C. § 853(c), the Government's interest in the Subject Currency vested at the time the underlying offense occurred, and the new information that Petitioner offers in the Proposed Amended Petition does not demonstrate that she has a prior vested interest under Section 853(n)(6)(A).

Accordingly, the Court denies Petitioner's motion to amend.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons set forth above, the Court hereby

**ORDERS** that the Government's Motion to Dismiss the Ancillary Claim filed by Petitioner (Dkt. No. 346) is **GRANTED**; and the Court further

**ORDERS** that Petitioner's Cross Motion to Amend (Dkt. No. 351) is **DENIED**; and the Court further

**ORDERS** that Petitioner's Claim (Dkt. No. 333) is **DENIED** and **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 25, 2024
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

9